IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ASDRUBAL SIMON MATA-CABELLO**<br><br>PETITIONER<br><br>VS.<br><br>**TAILA TEE THULA**<br><br>RESPONDENT | CIVIL NO. 20-1687 |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENT PROCESS, INSUFFICIENT SERVICE OF PROCESS,
OR IN THE ALTERNATIVE,
MOTION TO DISMISS PURSUANT THE ABSTENTION DOCTRINE**

**TO THE HONORABLE COURT:**

**COMES NOW, Taili Tee Thula** ("Thula" and/or "Respondent"), by special appearance and without submitting to the personal jurisdiction or subject-matter jurisdiction or venue of this Court nor waiving any affirmative defense, and through the undersigned attorney and very respectfully states, alleges and prays as follows:

### INTRODUCTION

This Honorable Court should dismiss Asdrubal Simon Mata-Cabello's ("Mata" and/or "Petitioner") Petition because this Honorable Court: 1) lacks personal jurisdiction over the Respondent due to insufficient process and insufficient service of process, or in the alternative, 2) should abstain and dismiss the instant case due to the fact that the Hague Convention Petition has been raised by both parties and is currently being litigated in the Puerto Rico courts for the past eleven (11) months.

First, the Courts dismiss for lack of personal jurisdiction due to insufficient process and insufficient service of process over defendant/respondent if the plaintiff/petitioner have not shown

that they engaged in vigorous steps and honest efforts to serve the defendant/respondent personally. Second, the Courts abstain and dismiss Hague Convention Petitions when it is demonstrated that the same Hague Convention Petition has been raised and litigated in a parallel court proceeding.

Therefore, this Honorable Court should dismiss this Petition because 1) the Petitioner has not shown that it engaged in vigorous steps and honest efforts to serve the Respondent personally, or in the alternative, 2) this Honorable Court should abstain and dismiss the instant case due to the fact that this Hague Convention Petition has been raised and is currently being litigated by both parties in a parallel case before the Puerto Rico Courts for the past eleven (11) months, before the First Instance Court of San Juan under the Case No. SJ2020RF00274 and the Puerto Rico Court of Appeals under the Case No. KLAN202001039[1].

## RELEVANT STATE AND FEDERAL PROCEDURAL BACKGROUND

A. Puerto Rico Procedural Background

On February 20th, 2020, Respondent filed a Complaint against the Petitioner before the Puerto Rico Courts. Said Complaint raises the following causes of action: divorce, custody of minors, child support, the Act of Prevention and Intervention of Domestic Violence and protection pursuant to the Convention on the Civil Aspects of International Child Abduction done at The Hague on October 25th, 1980 ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 USC sec. 9001 *et seq.* (See Exhibit 1).

On February 26th, 2020, Petitioner appeared and submitted himself to the jurisdiction before the Puerto Rico Courts. Specifically, the Petitioner waived to be served and submitted

---

[1] The undersigned has been recently retained by Respondent and is filing notice of appearances before the Puerto Rico State Courts to continue assisting the Hague Convention and ICARA litigation.

himself to the jurisdiction voluntarily. Petitioner did not raise any affirmative defense against the Petition pursuant to the Hague Convention and ICARA. (See Exhibit 2).

On March 6th, 2020, the Petitioner filed a motion to dismiss incorrectly arguing that the Puerto Rico Courts does not have jurisdiction over the divorce cause of action because the Respondent did not comply with the one-year residency requirement pursuant to Article 97 of the Puerto Rico Civil Code, 31 LPRA sec. 331. (See Exhibit 3).

On March 9th, 2020, the Respondent opposed the motion to dismiss and informed the Court that the Puerto Rico Courts have jurisdiction because the domicile of Respondent and Petitioner is Puerto Rico. Specifically, Article 97 of the Puerto Rico Civil Code, 31 LPRA sec. 331 allows divorce actions to proceed if the domicile of the parties is Puerto Rico, regardless of the one-year residency requirement. (See Exhibit 4).

As this Court can see, none of these briefs regarding dismissal of the Puerto Rico State Court touched upon the subject of the Hague Convention and ICARA. In fact, both the Petitioner and Respondent requested the Puerto Rico Court to attend the subject matter of the Hague Convention and ICARA. Specifically, both the Petitioner and Respondent requested the remedies provided by the Hague Convention and ICARA.

On November 4th, 2020, the First Instance Court of Puerto Rico erroneously issued a judgment dismissing Respondent's complaint in its entirety. The First Instance Court of Puerto Rico erroneously did not hold an evidentiary hearing to 1) evaluate the evidence concerning Petitioner and Respondent's Petitions pursuant to the Hague Convention and ICARA, and 2) to evaluate the evidence concerning the domicile of Petitioner and Respondent. Instead, the First Instance Court of Puerto Rico issued a Summary Judgment dismissing the case in its entirety because it misinterpreted Article 97 of the Puerto Rico Civil Code, 31 LPRA sec. 331, and

determined that it did not have jurisdiction of the Complaint because it erroneously understood that Respondent did not meet the one-year residency requirement. (See Exhibit 5).

On November 19th, 2020, the Respondent filed a timely motion for reconsideration. The Respondent requested that the First Instance Court of Puerto Rico reconsider its decision as to the divorce cause of action because the domicile of both the Petitioner and Respondent is Puerto Rico. Said domicile complies with Article 97 of the Puerto Rico Civil Code, 31 LPRA sec. 331, which grants Courts to divorce persons if the domicile of the persons is Puerto Rico, regardless of the one-year residency requirement. More importantly for this case at bar, the Respondent reserved her right under the Hague Convention and ICARA by arguing to the First Instance Court of Puerto Rico that it cannot summarily dismiss the complaint in its entirety. The Respondent reminded the Court that even though it dismissed the divorce cause of action, the First Instance Court still has jurisdiction to evaluate Respondent's Petition pursuant to the Hague Convention and ICARA. (See Exhibit 6).

On November 25th, 2020, the First Instance Court of Puerto Rico denied Respondent's motion for reconsideration. (See Exhibit 7).

On December 28th, 2020, the Petitioner filed a timely appeal to the Puerto Rico Court of Appeals. Petitioner requests the Puerto Rico Court of Appeals to reverse the First Instance Court Judgment and subsequently order the First Instance Court to not only attend the divorce cause of action, but also hold an evidentiary hearing regarding Respondent's Petition pursuant to the Hague Convention and ICARA. (See Exhibit 8).

Petitioner's appeal is still pending before the Puerto Rico Court of Appeals.

B. Federal Procedural Background

On December 4th, 2020, Petitioner frivolously filed the instant Petition, even though Petitioner has full knowledge that the Respondent's Petition pursuant to the Hague Convention and ICARA is still pending before the Puerto Rico Courts. (See Docket 1).

In less than a week, on December 8th, 2020, the Petitioner filed a Motion requesting Order in which it attached an Unsworn Declaration of William Agosto-Marrero ("Process Server") indicating that he only visited the outside gated community of the Petitioner once on December 7th, 2020. (See Docket 4).

With mere three days having transpired, on December 11th, 2020, the Petitioner filed an Informative Motion and Requested Summons by Publication. In said motion, the Petitioner included a Second Unsworn Declaration of the Process Server in which he indicated that visited and knocked the door of a residence twice on December 8th and December 9th of 2020. (See Docket 6).

On December 28th, 2020, the Petitioner filed a Motion in Compliance in which it informed the Court that the Summons by Publication was published in El Nuevo Dia Newspaper on December 24th, 2020 and that a copy of the Summons and Complaint was sent on December 28th, 2020 to Respondent's last known address (See Docket 15).

**LEGAL ARGUMENT**

**I.    THE COURT LACKS PERSONAL JURISDICTION BECAUSE OF INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS**

This Honorable Court should dismiss Petitioner's Petition for lack of personal jurisdiction over the Respondent because of insufficient process and insufficient service of process.

Under Federal Rules of Civil Procedure 12(b)(4) and (b)(5), a defendant may move for dismissal based on insufficient process and service of process. "Before a court may exercise

personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (internal quotations omitted). When a defendant challenges service of process, the burden shifts to the plaintiff to show that service was sufficient. *Rivera-López v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992) ("once challenged, plaintiffs have the burden of proving proper service"). *Linares-Rosado v. Torres-Medina*, 2012 U.S. Dist. LEXIS 152226.

Relevant to this case, Federal Rule of Civil Procedure 4(e) allows a plaintiff to serve an individual within a judicial district of the United States by, *inter alia*, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *U.S. Nat'l Bank Ass'n v. Estate of Galarza*, 291 F.Supp. 3d 238, 241 (D.P.R. 2018).

Rule 4.6 of the Puerto Rico Rules of Civil Procedure allows for service by publication only in limited circumstances. Service by publication is permitted in cases where the defendant is hiding, is unknown, or for whatever reason cannot be located despite due diligence. P.R. Laws Ann. tit. 32, App. III R. 4.6. To obtain such a remedy, the plaintiff must show, through an affidavit, "vigorous steps and honest effort in attempting to personally serve the defendant." *Pagan v. Rivera Burgos*, 113 D.P.R. 750 (1983). "[M]ere generalities or hearsay evidence" will not suffice. *Senior Loiza Corp. v. Vento Dev. Corp.*, 760 F.2d 20, 24 (1st Cir. 1985) (construing *Mundo v. Fuster*, 87 D.P.R. 363, 371-72 (1963)). Rather, the affidavit "must state specific probative facts showing that due diligence has been employed to locate defendants." *Id*. The degree of diligence required will depend on the particular circumstances of each case, taking into account all of the plaintiff's reasonably available resources to locate the defendants. See *Lanzó Llanos v. Banco de la Vivienda*, 133 D.P.R. 507, 515 (1993). "The Puerto Rico Supreme Court insists upon strict compliance with

the[se] requirements," *Culebra Conservation & Dev. Auth. v. Wit Power II*, 108 F.R.D. 349, 355 (D.P.R. 1985), because "service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant—publication—that is quite likely to go unobserved." *Senior Loiza Corp.*, 760 F.2d at 24. *U.S. Nat'l Bank Ass'n v. Estate of Galarza*, *supra*, 241.

In this case, the Petitioner has not shown that it engaged in "vigorous steps and honest efforts" to serve the Respondent personally. To start, the process server of the Petitioner only visited the residence three (3) times in a span of three days, December 7th, 8th and 9th of 2020. The Petitioner's efforts do not go beyond the generalities and stereotypical allegations that the Puerto Rico Supreme Court has deemed insufficient to warrant service by publication.

The Petitioner's process server efforts are similar to efforts in the case of *U.S. Nat'l Bank Ass'n v. Estate of Galarza*, *supra*. In that case, the Court deemed that the plaintiff's process servers' visits of the defendant's property three to four times are considered insufficient. During said visits, the plaintiff's process servers did not clarify if they asked neighbors of defendants' whereabouts and did not include addresses of any persons interviewed. The Puerto Rico Supreme Court has said that including the addresses of the people with whom a plaintiff investigates is of "incalculable value" to prevent fraud. *Mundo*, 87 D.P.R. at 372. Finally, the process servers' affidavits do not make clear who are the persons interviewed and did not state that they inquired within the neighborhood regarding the existence or location of defendant. *U.S. Nat'l Bank Ass'n v. Estate of Galarza*, *supra*. 241-242.

In this case, the Petitioner's process server submitted two unsworn declarations under penalty of perjury merely stating that he visited the residence three (3) times in a span of three days, December 7th, 8th and 9th of 2020. At no point whatsoever does the Petitioner's process server

mention that 1) he visited neighbors to ask about Respondent's whereabouts, 2) he describe the names and addresses of the neighbors interviewed, if any, and 3) fails to mention any other action that would demonstrate "vigorous steps and honest efforts" to serve the Respondent personally in compliance with what is established in *U.S. Nat'l Bank Ass'n v. Estate of Galarza*, *supra*.

Therefore, this Honorable Court should dismiss this Petition because the Petitioner has not shown that it engaged in vigorous steps and honest efforts to serve the Respondent personally.

**II.     IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN AND DISMISS THE PETITION BECAUSE THE SUBJECT MATTER IS CURRENTLY BEING LITIGATED IN THE PUERTO RICO COURTS BY BOTH PARTIES**

In the alternative, this Honorable Court should abstain and dismiss Petitioner's Petition because the subject matter has been raised and is currently being litigated by both parties in the Puerto Rico Courts in the past eleven (11) months. Specifically, the Respondent filed Petition pursuant to the Hague Convention and ICARA before the Puerto Rico Courts. Both Petitioner and Respondent requested remedies pursuant to the Hague Convention and ICARA before the Puerto Rico Courts and said case is currently pending.

A. Hague Convention

The Hague Convention is a multilateral treaty on parental kidnapping to which the United States and Canada are signatories. The Hague Convention's goal is to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." *Hague Convention, Preamble*, 19 I.L.M. 1501, 1501 (1980). Article 16 provides that "until it has been determined that the child is not to be returned under the Convention," the state to which the child has been removed "shall not decide on the merits of rights

8

of custody." *Hague Convention, art. 16,* 19 I.L.M. at 1503. Article 17 provides that "the sole fact that a decision relating to custody has been given in or is entitled to recognition in the [country to which the child has been taken] shall not be a ground for refusing to return a child under this Convention . . ." *Id., art. 17*, 19 I.L.M. at 1503. *Yang v. Tsui*, 416 F.3d 199, 201 (3rd Cir. 2005)

ICARA, 42 U.S.C. §§ 11601 et seq., implements the Hague Convention in the United States. ICARA vests state and federal courts with concurrent jurisdiction over claims under the Convention. 42 U.S.C. § 11603(a). ICARA further provides "the court in which an action is brought under subsection (b) of this section shall decide the case in accordance with the Convention." 42 U.S.C. § 11603(d). *Yang v. Tsui, supra*, 201.

### B. Younger Abstention

Although the general rule is that the pendency of a state court proceeding is not a reason for a federal court to decline to exercise jurisdiction established by Congress, *McClellan v. Carland*, 217 U.S. 268, 281-82 (1910), an exception to that rule is *Younger* abstention. *Younger*, 401 U.S. 37 (1971), established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding. This principle has been extended to civil proceedings and state administrative proceedings. *Moore v. Sims*, 442 U.S. 415 (1979), *Williams v. Red Bank Board of Education*, 662 F.2d 1008, 1017 (3d Cir. 1981) (overruled on other grounds as recognized in *Schall v. Joyce*, 885 F.2d 101, 108 (3d Cir. 1989). *Yang v. Tsui, supra*, 201-202.

Three requirements must be met before *Younger* abstention is appropriate: (1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the claims. *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 843 (3d Cir. 1996). *Yang v. Tsui, supra*,

202.

The issue whether a District Court should abstain from a Hague Convention Petition when a state court custody proceeding is pending is an issue that has been addressed by various Courts in several other circuits. Although the federal courts applying abstention doctrines to Hague Convention Petitions have reached different results as to whether to exercise abstention, there is a pattern in their analyses. In a situation where there is a state court custody proceeding and a petition is filed in federal court under the Hague Convention, but the Hague Convention has not been raised, or raised but not litigated, in the state court, the federal court has generally found that abstention is not appropriate. See *Von Kennel Gaudin v. Remis*, 415 F.3d 1028, 2005 U.S. App. LEXIS 14441, No. 03-15687, 2005 WL 1661593 (9th Cir., July 18, 2005), *Holder v. Holder*, 305 F.3d 854 (9th Cir. 2002); *Silverman v. Silverman*, 267 F.3d 788 (8th Cir. 2001); *Lops v. Lops*, 140 F.3d 927 (11th Cir. 1998); *Hazbun Escaf v. Rodriquez*, 191 F. Supp. 2d 685 (E.D.Va. 2002). Where the Hague Convention Petition has been raised and litigated in the state court, abstention by the federal court has generally been found to be appropriate. See *Copeland v. Copeland*, 134 F.3d 362, 1998 WL 45445 (4th Cir. 1998) (table), *Cerit v. Cerit*, 188 F. Supp. 2d 1239 (D. Haw. 2002). *Yang v. Tsui, supra*, 202.

In this case, this Honorable Court should abstain and dismiss the Petition because the Respondent and the Petitioner raised and are currently litigating the issues pursuant to the Hague Convention and ICARA before the Puerto Rico Courts.

The first prong question in applying the *Younger* abstention doctrine to a Petition raising Hague Convention claims in federal court is whether the federal proceeding will interfere with an ongoing state proceeding. It is clear that if the state proceeding is one in which the petitioner has raised, litigated and been given a ruling on the Hague Convention claims, any subsequent ruling

by the federal court on these same issues would constitute interference. It seems equally clear that, if the state court in a custody proceeding does not have a Hague Convention claim before it, an adjudication of such a claim by the federal court would not constitute interference. *Yang v. Tsui, supra*, 202-203.

The Hague Convention proceedings can in fact be held in either state or federal court. ICARA vests concurrent jurisdiction over Hague Convention Petitions in both court systems. 42 U.S.C. § 11603(a). Thus, a state court custody proceeding can include consideration of a Hague Convention Petition. *Yang v. Tsui, supra*, 203.

In this case, the Respondent satisfies the first prong in that there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere. As illustrated in Exhibits 1-7, the Respondent and Petitioner have been litigating for the past eleven (11) months before the Puerto Rico Courts. Specifically, the Respondent and the Petitioner have both raised the Hague Convention and ICARA before the Puerto Rico Courts:

1) Respondent raised the Hague Convention and ICARA subject matter in her Petition filed on February 20th, 2020 (See page 9-10 of Exhibit 1);

2) Petitioner submitted himself to the jurisdiction of the Puerto Rico Courts and raised the Hague Convention and ICARA subject matter in his Motion filed on March 6th, 2020 (See Exhibits 2 and pages 5-13 of Exhibit 3);

3) even though the Puerto Rico First Instance Court erroneously did not make any determination whatsoever as to the Petition under the Hague Convention and ICARA, the Respondent filed a timely Motion for Reconsideration and timely Appeal to get the Puerto Rico courts to make a determination as to the Hague Convention and ICARA issues (See Exhibits 5-8).

In this case, the Respondent satisfies the second prong in that the state proceedings must implicate important state interests. It is well-settled that states have a strong interest in domestic relations matters generally and child custody questions in particular. See *Moore v. Sims*, 442 U.S. 415, 435 (1979). "The realm of domestic relations is and has been traditionally governed by state law." *Bouvagnet*, 2001 U.S. Dist. LEXIS 17095, 2001 WL 1263497, at *4 (N.D. Ill. Oct. 22, 2001) (quoting *Kitchens v. Bowen*, 825 F.2d 1337, 1340 (9th Cir. 1987)). The divorce proceeding (which includes matters of domestic violence), the child custody action, and the ICARA petition thus all implicate important state interests. Although an ICARA petition is not the same as a custody proceeding, an ICARA petition "unquestionably 'raise[s] issues which involve domestic relations,' which is a state interest." *Bouvagnet*, 2001 U.S. Dist. LEXIS 17095, 2001 WL 1263497, at *4 (N.D. Ill. Oct. 22, 2001) (quoting *Gerbatsch v. Gerbatsch*, 99-cv-728-J, 5 (S.D. Cal. 1999)). *Cerit v. Cerit (In re Cerit),* 188 F. Supp. 2d 1239, 1248 (D.Haw. 2002).

As this Honorable Court can see, the Respondent has raised numerous domestic relations claims along with the Hague Convention and ICARA Petitions. Respondent has raised claims concerning domestic violence, child custody and other matters that are important state interests. These important state interests are inextricably linked with the Hague Convention and ICARA Petitions. Therefore, this Honorable Court should abstain and dismiss the case to refer the same to the Puerto Rico Courts, whom have strong interest in the domestic relations matter.

Finally, the Respondent satisfies the third prong in that there is an adequate opportunity in the state proceeding to raise the federal issues. ICARA explicitly vests concurrent jurisdiction over Hague Convention claims in federal and state courts. See 42 U.S.C. § 11603(a). As such, there is a strong presumption that state court provides a petitioner with an adequate opportunity to litigate his Hague Convention claims. As this Honorable Court can see, the Respondent and the Petitioner

are currently litigating the Hague Convention and ICARA Petitions before the Puerto Rico Courts for the past eleven (11) months. As such, this Honorable Court should abstain because the parties have had adequate opportunity to raise these issues before the state proceedings. *Cerit v. Cerit (In re Cerit), supra*.

### C. Colorado Abstention

Under exceptional circumstances, a federal district court may abstain from adjudicating a controversy before it "for reasons of wise judicial administration." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). Before determining that abstention is warranted, the district court must first determine whether the state and federal proceedings are parallel. *New Beckley Mining Corp. v. International Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id*.

In this case, it is undisputed that the parties litigating in both the state and federal court are the same. As for the issues, Respondent and Petitioner vigorously argued the Hague Convention and ICARA before the Puerto Rico Court proceedings by filing petitions and order requests under the Hague Convention (See Exhibits 1-3). Accordingly, this Honorable Court should find that the state and federal proceedings are parallel. *Cerit v. Cerit (In re Cerit), supra*, 1248-1249.

Once a court determines that the proceedings in state court and federal court are parallel, the court must consider those factors set forth in *Colorado River* and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), to determine if the circumstances are such that it is proper for the court to abstain. To determine whether "exceptional" circumstances exist to warrant the granting of a stay or dismissal, the court is to balance a number of factors: (1) Jurisdiction Over the Res; (2) Inconvenience of the Federal Forum; (3) The Desirability of Avoiding Piecemeal

Litigation; (4) The Order in which Jurisdiction Was Obtained; (5) The Rule of Decision; (6) Inadequacy of the State Court Proceedings to Protect the Federal Litigant's Rights; and (7) Forum Shopping. See *Travelers Indemnity Co. v. Madonna,* 914 F.2d 1364 (9th Cir. 1990) (citing *Colorado River* and *Moses H. Cone Mem'l Hosp.*). This list is not exhaustive and no one factor is necessarily determinative. See *Travelers Indemnity Co. v. Madonna, supra.* at 1368; *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). How each factor is weighed depends on the facts of each case. Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one. See *Travelers, 914 F.2d at 1369*. See also *Cerit v. Cerit (In re Cerit), supra*, 1249.

1. Jurisdiction Over the Res

The first factor -- whether a court has assumed jurisdiction over any res or property -- is neutral for the Court's analysis. Because Petitioner's claim under the Hague Convention does not involve any physical property, this first factor is not applicable here.

2. Inconvenience of the Federal Forum

With respect to the second factor, the relative convenience of the forums, the question is whether the inconvenience of the federal forum is so great that this factor points toward abstention. See *Beidas*, 939 F. Supp. 732, at 737 (D. Haw. 1995). Here, the geographic location of the federal forum is no less convenient to either party than the state forum. Accordingly, this factor carries no weight. See *Beidas*, *supra*. at 737 (finding the second factor to carry no weight because the federal forum is located down the street from the state forum).

3. Desirability of Avoiding Piecemeal Litigation

This factor -- the desirability of avoiding piecemeal litigation -- involves considering whether exceptional circumstances exist which justify special concern about piecemeal litigation. *Beidas*, 939 F. Supp. at 737. "Piecemeal litigation occurs when different tribunals consider the

same issue, thereby duplicating efforts and possibly reaching different result." Id. (quoting *Travelers*, 914 F.2d at 1368). Here, an exceptional danger exists that piecemeal litigation might occur. As the court in *Beidas* put it, res judicata does not apply until there is a final judgment on appeal. This means that even if the state court decides this matter first, the federal court must continue to entertain it until a final judgment on appeal is reached. This significantly increases the amount of time in which the case may remain in federal court. The chance of duplicative litigation, not to mention inconsistent results, is thus quite high. *Beidas*, 939 F. Supp. at 737.

In this case, the parallel Puerto Rico proceeding is ongoing because the Respondent has filed a timely Appeal and thus the Puerto Rico Courts are considering and continues to consider the issues that the Petitioner is asking this Court to decide. The risk of inconsistent results therefore is extremely high. This factor weighs heavily in favor of abstention.

    4.   The Order in Which Jurisdiction Was Obtained

The fourth factor -- the order in which jurisdiction was obtained -- is not measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in each Action. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.

In this case, the Respondent filed her petition under the Hague Convention and ICARA before the Puerto Rico Courts eleven (11) months ago, in February 2020 (See Exhibit 1). Additionally, the Petitioner requested remedies under the Hague Convention and ICARA ten (10) months ago when he filed (See Exhibit 3). Now the Petitioner, files this federal case in December of 2020. There has been discovery and hearings in the state case (See Exhibit 8). Because virtually no activity in this federal case has occurred, accordingly, this factor weighs heavily in favor of abstention.

    5.   The Rule of Decision

15

The fifth factor -- the rule of decision -- requires the court to examine whether state or federal law controls. It is indisputable that the presence of federal questions weighs heavily against abstention. See *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 26 ("The presence of federal-law issues must always be a major consideration weighing against surrender."); *Colorado River*, 424 U.S. at 815 n. 21 ("The presence of a federal basis for jurisdiction may raise the level of justification needed for abstention.").

However, where state law issues predominate, the source of law is of diminished importance. *Johns v. Rozet*, 770 F. Supp. 11, 16 (D.D.C. 1991). Here, an ICARA petition unquestionably "raise[s] issues which involve domestic relations," which involve the application of state law. See *Bouvagnet*, 2001 U.S. Dist. LEXIS 17095, 2001 WL 1263497, at *4 (N.D. Ill. Oct. 22, 2001) (quoting *Gerbatsch v. Gerbatsch*, 99-cv-728-J, 5 (S.D. Cal. 1999)) (so stating in applying the second element of the Younger doctrine). Moreover, although the enabling legislation is federal, the statute specifically provides for the issues to be heard in either state or federal court. Accordingly, as the instant issues are equally appropriate for adjudication in state as well as federal court, this factor should be considered neutral.

6. Inadequacy of the State Court Proceeding to Protect the Federal Litigant's Rights

The sixth factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights. See *Travelers,* 914 F.2d at 1369 (citing *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 26). As the federal enabling legislation provides for an ICARA petition to be heard in either federal or state court, there is no concern that Petitioner's federal rights will be inadequately protected in state court. Accordingly, this factor does not weigh in favor of either party.

7. Forum Shopping

16

The final factor -- forum shopping -- weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules. See *Travelers*, 914 F.2d at 1370 (citing *Nakash*, 882 F.2d at 1417, and *American Int'l Underwriters, (Philippines), Inc. v. The Continental Insur. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988)).

In this case, the Respondent continuous to vigorously litigate her Hague Convention and ICARA petition before the Puerto Rico Court for eleven (11) months prior to Petitioner filing his Petition before the federal court. It appears from the record that even though the Petitioner submitted himself to the jurisdiction of the Puerto Rico Courts and requested remedies under the Hague Convention and ICARA (See Exhibits 2-3), he is now trying to obtain a different result from the federal court. This is classic forum shopping.

In the case of *Cerit v. Cerit (In re Cerit), supra.,* the Federal Court abstained from hearing a Hague Convention and ICARA petition that was filed three (3) months after the same type of Petition was filed before the State Courts. Said Federal Court abstained pursuant to the *Colorado River* factors and the *Younger* doctrine. Therefore, this Honorable Court should weigh heavily in favor of this abstention due to the fact that the Petitioner and Respondent have been continuously and currently litigating the Petition under the Hague Convention and ICARA before the Puerto Rico Courts for the past eleven (11) months. Said issues are currently pending before the Puerto Rico Court of Appeals.

## **CONCLUSION**

This Honorable Court should dismiss Petitioner's Petition because this Honorable Court: 1) lacks personal jurisdiction over the Respondent due to insufficient process and insufficient service of process, or in the alternative, 2) should abstain and dismiss the instant case due to the

fact that the Hague Convention Petition has been raised by both parties and is currently being litigated in the Puerto Rico courts for the past eleven (11) months.

First, the Courts dismiss for lack of personal jurisdiction due to insufficient process and insufficient service of process over defendant/respondent if the plaintiff/petitioner have not shown that they engaged in vigorous steps and honest efforts to serve the defendant/respondent personally. Second, the Courts abstain and dismiss Hague Convention Petitions when it is demonstrated that the same Hague Convention Petition has been raised and litigated in a parallel court proceeding.

Therefore, this Honorable Court should dismiss this Petition because 1) the Petitioner has not shown that it engaged in vigorous steps and honest efforts to serve the Respondent personally, or in the alternative, 2) this Honorable Court should abstain and dismiss the instant case due to the fact that this Hague Convention Petition has been raised and is currently being litigated by both parties in a parallel case before the Puerto Rico Courts for the past eleven (11) months, before the First Instance Court of San Juan under the Case No. SJ2020RF00274 and the Puerto Rico Court of Appeals under the Case No. KLAN202001039.

**WHEREFORE**, it is respectfully requested from this Honorable Court to 1) **GRANT** Respondent's Motion to Dismiss for Lack of Personal Jurisdiction over the Respondent due to insufficient process and insufficient service of process, or in the alternative, 2) **GRANT** Respondent's Motion to Dismiss Pursuant to the Abstention Doctrine due to the fact that the Hague Convention Petition has been raised by both parties and is currently being litigated in the Puerto Rico courts for the past eleven (11) months, and 3) **ISSUE** any other Order it deems just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 11th day of January, 2021.

        *S/VICTOR M. RIVERA-RIOS*
        VICTOR M. RIVERA-RIOS
        USDC BAR NUMBER 301202
        1420 FERNANDEZ JUNCOS AVE
        SAN JUAN, PR 00909
        Telephone: (787) 727-5710
        Facsimile: (787) 268-1835
        E-Mail: victorriverarios@rcrtrblaw.com