# United States Court of Appeals
## For the First Circuit

---

No. 21-1538

ASDRÚBAL SIMÓN MATA-CABELLO,

Petitioner, Appellee,

v.

TAILI TEE THULA,

Respondent, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

---

Before

Barron, Chief Judge,
Lipez and Montecalvo, Circuit Judges.

---

Victor M. Rivera-Rios for appellant.
Rubén T. Nigaglioni, with whom Nigaglioni Law Offices P.S.C.
was on brief, for appellee.

---

April 28, 2023

---

BARRON, <u>Chief Judge</u>.  Taili Tee Thula ("Thula") appeals from the denial of her request for an award of attorney's fees, pursuant to the inherent power of the United States District Court for the District of Puerto Rico, and the costs of translation services, pursuant to 28 U.S.C. § 1920(6).  We affirm.

## I.

The challenges on appeal arise out of a pair of actions -- one filed by Thula in the Puerto Rico courts and one filed by her husband, Asdrúbal Simón Mata-Cabello ("Mata-Cabello"), in federal court.  We thus recount the travel of the two actions.

Thula's action in the Puerto Rico courts began when she filed a complaint against Mata-Cabello, then residing in Colombia, in the Court of First Instance of the Commonwealth of Puerto Rico on February 20, 2020.  The complaint alleged causes of action for divorce under Article 96 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 321, custody of the couple's two minor children, child support, alimony, and "the division of the marital estate," as well as claims under Puerto Rico's Domestic Abuse Prevention and Intervention Act, P.R. Laws Ann. tit. 8, § 601 <u>et seq.</u>  Thula sought further relief under the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 ("Hague Convention"), and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 § U.S.C. 9001 <u>et seq.</u>

In response, Mata-Cabello moved to dismiss Thula's divorce and custody claims on the ground that the Court of First Instance lacked jurisdiction under Puerto Rico law to hear them because Thula had not been a resident of Puerto Rico for one full year prior to filing her complaint.  Mata-Cabello also requested relief pursuant to ICARA and the Hague Convention.  Specifically, he requested that the minor children be returned to their "habitual place of residence" in Colombia so that "the divorce and minor custody proceedings" could be resolved in accord with Colombia law.

On October 30, 2020, the Court of First Instance granted the motion to dismiss, explaining that it lacked jurisdiction "to hear the merits of the divorce [c]omplaint filed by [Thula]."  The Court of First Instance also dismissed Thula's other claims.  In doing so, the court did not address the parties' requests for relief under ICARA and the Hague Convention.  Thula filed a timely motion for reconsideration that was denied.

Following the Court of First Instance's denial of Thula's motion for reconsideration, on December 4, 2020, Mata-Cabello filed a petition under ICARA and the Hague Convention in the United States District Court for the District of Puerto Rico that named Thula as the respondent.  The petition requested that the District Court order the return of the minor children to

their "habitual residence" in Colombia for resolution of the custody proceedings under Colombia law.

Mata-Cabello asserted in the petition that the District Court had jurisdiction over the Hague Convention petition under 22 U.S.C. § 9003.  That provision grants "[t]he courts of the States and the United States district courts . . . concurrent original jurisdiction of actions arising under the [Hague] Convention."

Meanwhile, on December 28, 2020, Thula timely appealed the Court of First Instance's dismissal of her action to the Puerto Rico Court of Appeals.  And, then, soon thereafter, on January 11, 2021, she moved in the District Court to dismiss Mata-Cabello's Hague Convention petition in that court on the ground that "the Hague Convention [p]etition ha[d] been raised by both parties and [was] currently being litigated in the Puerto Rico courts for the past eleven (11) months."

The Puerto Rico Court of Appeals, on March 12, 2021, decided Thula's appeal from the Court of First Instance's dismissal.  It ruled that the Court of First Instance had erred by "dismissing [Thula's] complaint in its totality, without having addressed and resolved all the claims under [its] consideration." Accordingly, the Puerto Rico Court of Appeals ordered the Court of First Instance to:

> determine whether it has jurisdiction over the
> matter [or] the authority to address the whole
> matter under the protection of the Hague

> Convention [ ] and [ICARA]. If said forum were
> to determine that it has the authority over
> the above cited laws, it shall resolve: (1)
> whether Puerto Rico is the habitual resident
> of the minor children procreated by the
> parties, and (2) establish a provisional legal
> precedent related to custody, parent-child
> relationships, provisional child support and
> litis expensas.

Following the Puerto Rico Court of Appeals' ruling, the

District Court entered the following order on April 23, 2021:

> It has come to the Court's attention that the
> Puerto Rico Court of Appeals has entered its
> ruling on [Thula's] appeal related to the
> instant matter. [Thula] is to file the
> resolution entered by the Puerto Rico Court of
> Appeals dated April 5, 2021 in case no.
> KLAN202001039 by April 28, 2021. A [c]ertified
> translation of said document is to be filed no
> later than May 3, 2021.

After the District Court received the translated

resolution, it ruled on May 4, 2021, that it would abstain because

the ICARA and Hague Convention remedies "ha[d] been raised by both

parties, [were] currently being litigated in the Puerto Rico

[c]ourts for the past fourteen (14) months and [were] included in

the [r]esolution of the Puerto Rico Court of Appeals."

Accordingly, the District Court dismissed Mata-Cabello's action

without prejudice on abstention grounds.

Following the District Court's order dismissing

Mata-Cabello's action, on May 18, 2021, Thula filed a "Motion for

an Award of Attorney Fees and Costs to Prevailing Party Pursuant

to Rule 54 of the Federal Rules of Civil Procedure and Applicable Law." The motion sought an award of $28,937.50 in attorney's fees and costs totaling $5,480.20 for "[i]nterpreter [s]ervices to translate Spanish [d]ocuments and copies" under 28 U.S.C. § 1920(6).

Rule 54(d) provides, in relevant part:

Costs; Attorney's Fees.

(1) <u>Costs Other Than Attorney's Fees</u>. Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

(2) <u>Attorney's Fees</u>.
    (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

    (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
        (i) be filed no later than 14 days after the entry of judgment;
        (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
        (iii) state the amount sought or provide a fair estimate of it; and
        (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Thula identified 22 U.S.C. § 9007(b) as the statute "entitling [her] to the award [of attorney's fees]." That provision states:

Costs incurred in civil actions

(1) Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3).

(2) Subject to paragraph (3), legal fees or court costs incurred in connection with an action brought under section 9003 of this title shall be borne by the petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs.

(3) Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

Thula also moved, in the alternative, for the attorney's fees to be awarded based on the inherent power of the District Court. She did so due to what she contended was Mata-Cabello's "bad faith" filing of the action against her in the District Court, given that a district court has the inherent power to order a

losing party to pay the "prevailing party" attorney's fees, even in the absence of a statutory provision, when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975).

As to the costs of translation services, Thula moved for them pursuant to 28 U.S.C. § 1920(6). That statute provides that "[a] judge or clerk of any court of the United States may tax as costs the following: . . . Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

On June 8, 2021, the District Court denied Thula's request for the award of attorney's fees because: (1) 22 U.S.C. § 9007(b) "provides for fees only to a prevailing petitioner; the section does not provide for fees to a prevailing respondent, and indeed, does not even mention prevailing respondents"; and (2) Mata-Cabello's action in federal court was "brought in good faith in an attempt to defend what he believed were the father's rights in a Hague Convention and ICARA proceeding." Mata-Cabello v. Thula, No. 20-1687, 2021 WL 3040959, at *5 (D.P.R. June 8, 2021).

The District Court at that same time also denied Thula's request for the costs of translation services. It did so based on Taniguchi v. Kan Pacific Saipan, Ltd., 566 U.S. 560 (2012), in

which the Supreme Court of the United States held that "costs stemming from the translation of written documents do not qualify as [']compensation of interpreters,['] as that term is used in 28 U.S.C. § 1920(6), and, therefore, may not be taxed as costs against a non-prevailing party."  Thula, 2021 WL 3040959, at *2 (quoting Davila-Feliciano v. Puerto Rico State Ins. Fund, 683 F.3d 405, 406 (1st Cir. 2012) (per curiam)).

This appeal followed.

## II.

Thula challenges the District Court's denial of her request for an award of attorney's fees on a single ground.  She contends that the District Court abused its discretion, see In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997), by not exercising its inherent authority to grant her request that the fees be awarded.

To support that contention, Thula argues that the record establishes that Mata-Cabello acted in "bad faith" in filing the action in the District Court.  She argues, in that regard, that the record shows that, at the time of his federal court action against her, Mata-Cabello had requested similar relief in the Court of First Instance in response to Thula's claims in that court, previously "submitted himself to the [jurisdiction of the] Puerto Rico [c]ourts," and "had full knowledge that [Thula's] [p]etition

pursuant to the Hague Convention and ICARA was still pending before the Puerto Rico [c]ourts."

The District Court pointed out, however, that, at the time that Mata-Cabello filed his ICARA and Hague Convention petition in federal court, the Court of First Instance had dismissed Thula's action in its entirety without having addressed the merits of either Thula's or Mata-Cabello's requested relief under ICARA and the Hague Convention. See Thula, 2021 WL 3040959, at *5. Thus, we see no basis for concluding that the District Court abused its discretion in determining that Mata-Cabello "chose to file in federal court mainly because the issues of the Hague Convention and ICARA were not considered by the First Instance Court of San Juan," and thus "in good faith in an attempt to defend what he believed were the father's rights in a Hague Convention and ICARA proceeding," id.

Thula bases her challenge on appeal to the District Court's denial of her request for costs of translation services pursuant to 28 U.S.C. § 1920(6) on a single ground as well. The District Court based the denial on the Supreme Court's determination in Taniguchi that "the compensation of interpreters that may be awarded under [§ 1920(6)] is limited to the cost of oral translation and does not include the cost of document translation." Id. at *2. Thula contends that the District Court erred in doing so because it failed to "take into account the Jones

Act," which requires that "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language," 48 U.S.C. § 864.   She contends that is so because:

> Congress'[s] mandate pursuant to the Jones Act makes it mandatory that all Spanish documents must be translated to English, any party that is forced to translate any Spanish documents to English should be able to benefit from requesting reimbursement for translator costs in the territory of Puerto Rico pursuant to the Jones Act.

But, although Thula asserts to us that the District Court should have "evaluate[d] the case under the legal framework of the Jones Act," she did not make this argument to the District Court, which means the challenge is at least forfeited, see Igartúa v. United States, 626 F.3d 592, 603 (1st Cir. 2010).   And, to the extent that she may be said to have adequately developed the challenge on appeal, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."), she fails to explain how, given Taniguchi, the "legal framework of the Jones Act" bears on whether she is entitled to the costs that she seeks under § 1920(6).   She instead simply asserts, in conclusory fashion, that the Jones Act somehow requires § 1920(6) to be read differently with respect to cases that are

brought in Puerto Rico federal court than Taniguchi requires it to be read with respect to cases that are brought in all other federal courts. And, she advances that conclusory contention even though Congress enacted § 1920(6) sixty-one years after it enacted the Jones Act, and the customary rule is that all federal court proceedings in the United States must be conducted in English, see United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English. Even if this practice were not intuitively obvious in Puerto Rico, Congress enacted section 42 of the Jones Act." (emphasis added)). We therefore reject Thula's Jones Act-based challenge to the District Court's rejection of her request for the costs of translation services.[1]

---

[1] The District Court noted that the 2017 Taxation of Costs Guidelines of the District Court for the District of Puerto Rico state: "[o]ther expenses not specifically allowed by statute but necessary for the case may be taxed as costs only with prior authorization granted by the Court." § II.I. But, the Taxation of Costs Guidelines also provide: "The following expenses are not taxable as costs: . . . The costs of translating into the English language all documents filed with the District Court or presented as evidence at trial, since they are not interpreter services under 28 U.S.C. § 1920(6)." § II.H.2.a.

https://www.prd.uscourts.gov/sites/default/files/Taxation%20of%2
0Costs%20Guidelines%202007%20rev%2008.10.2017_0.pdf

### III.

For these reasons, the judgment of the District Court is **affirmed**.